KRISTEN J. NESBIT, SBN 242426
E-Mail  knesbit@fisherphillips.com
CRISTINA MEDINA, SBN 322657
E-Mail cmedina@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
CYGNUS HOME SERVICE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERTO BARANDIARAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CYGNUS HOME SERVICE, LLC, a MINNESOTA corporation; LISA CLINE, an individual and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>[Removed from Los Angeles Superior Court, Case No. 20STCV17804]<br><br>**DEFENDANT CYGNUS HOME SERVICE, LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet, Certificate of Interested Parties, Corporate Disclosure Statement, Notice of Related Cases, and Declarations of Jared Kemper and Cristina Medina]*<br><br>Complaint Filed:   May 11, 2020<br>Trial Date:     None Yet Set |

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

FP 38233054.1

**TO PLAINTIFF, HIS COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant CYGNUS HOME SERVICE, LLC (hereinafter referred to as "CHS") by and through its counsel of record Fisher & Phillips LLP, hereby submit this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446. The grounds for removal are as follows:

## I.   STATEMENT OF JURISDICTION

1.   This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(b).

## II.   VENUE

2.   This action was filed in the California Superior Court for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.   On May 11, 2020, Plaintiff Roberto Barandiaran ("Plaintiff") filed a civil action in the Los Angeles County Superior Court entitled *Robert Barandiaran v. Schwan's Food Service, Inc., et al.*, Case No. 20STCV17804. *See* Declaration of Cristina Medina ("Medina Decl."), ¶ 3, **Exhibit A**. In his initial Complaint, Plaintiff named Schwan's Food Service, Inc., Schwan's Consumer Brands, Inc., and Lisa Cline as Defendants. On June 23, 2020,  Plaintiff's counsel stated to

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

defense counsel that Plaintiff dismissed Schwan's Food Service, Inc. and Schwan's Consumer Brands, Inc. from the lawsuit. Medina Decl., ¶ 5. Plaintiff's First Amended Complaint ("FAC") removed Schwan's Food Service, Inc. and Schwan's Consumer Brands, Inc. as defendants, and added CHS as a defendant. Medina Decl., ¶ 5. Schwan's Food Service, Inc. and Schwan's Consumer Brands, Inc. have never been properly served with the FAC. Medina Decl., ¶ 5.

4.     On June 23, 2020, Plaintiff Roberto Barandiaran ("Plaintiff") filed and e-served the First Amended Complaint in the Los Angeles County Superior Court entitled *Roberto Barandiaran v. Cygnus Home Service, LLC., et al., Case No. 20STCV17804* ("State Lawsuit"). *See* Medina Decl., ¶ 4, **Exhibit B**. Plaintiff has not properly served the individual defendant Lisa Cline ("Cline") with the State Lawsuit.  *See* Medina Decl., ¶ 6.

5.     The FAC alleges seven causes of action for: (1) failure to pay minimum wages; (2) failure to compensate for all hours worked; (3) failure to pay overtime wages; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to provide accurate wage statements; and (7) violation of business professions code section 17200 et seq. *See* Medina Decl., ¶ 4, **Exhibit B**.

6.     Defendant CHS filed an Answer to the FAC on July 22, 2020. Medina Decl., ¶ 7, **Exhibit C**.

7.     As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Defendant CHS in the State Lawsuit. Medina Decl., ¶ 9.

8.     This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999).  In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

1   has been timely filed.

2   **IV.   GROUNDS FOR REMOVAL**

3       **A.   Complete Diversity of Citizenship Exists Between Plaintiff and**

4       **Defendants.**

5           *1.   Citizenship of Plaintiff*

6         9.   For diversity purposes, a person is a "citizen" of the state in which he

7   is domiciled.  28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries,*

8   *Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853,

9   857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with

10   the intention to remain).   Residence  is *prima facie* evidence  of domicile.

11   *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State*

12   *Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin*

13   *v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal.

14   Feb. 3, 2011).  In fact, it is presumed that a natural person's residence is also his or

15   her domicile, and a party resisting this presumption bears the burden of producing

16   contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

17         10.   In his FAC, Plaintiff alleges that he "was and is at all relevant times

18   herein an individual residing in the County of Los Angeles, State of California."

19   *See* Medina Decl., ¶ 4, **Exhibit B**, FAC ¶ 1.  Nothing in the FAC or other pleadings

20   suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State

21   of California.

22           *2.   Citizenship of Defendant CHS*

23         11.   Defendant CHS is a limited liability company organized under the

24   laws of Minnesota, with a principal place of business in Marshall, Minnesota. The

25   sole member of Defendant CHS is Cygnus Holdings, LLC. Cygnus Holdings, LLC

26   is a limited liability company organized under the laws of South Dakota, with its

27   principal place of business in Sioux Falls, South Dakota. The sole member of

28   Cygnus Holdings, LLC is the Paul M. Schwan 1992 GST Family Trust, a trust

organized under the laws of South Dakota. *See* Declaration of Jared Kemper ("Kemper Decl."), ¶ 3.

12.     Defendant CHS was incorporated in Minnesota and maintains its principal place of business in Minnesota. Kemper Decl., ¶ 4. At the time of the filing of this action, Defendant CHS was and continues to be a limited liability company. Kemper Decl., ¶ 3. In determining the citizenship of an LLC, courts look to the citizenship of each member of the company.   *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation");   *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir.2002) (unincorporated associations are not legal entities independent of their members). Therefore, for purposes of diversity jurisdiction, Defendant CHS is a citizen of Minnesota and South Dakota.

### 3.     Citizenship of Lisa Cline

13.     Defendant Lisa Cline ("Cline") has not been properly served with the State Lawsuit. *See* Medina Decl., ¶ 6.  Ms. Cline is a former employee of CHS. *See* Kemper Decl. ¶ 5. Ms. Cline was domiciled in Minnesota during her entire employment with CHS. *See Id.* Ms. Cline's last known domicile is in Minnesota. *See Id.* Therefore, for purposes of diversity jurisdiction, Defendant Lisa Cline is a citizen of Minnesota.

### 4.     Citizenship of Doe Defendants

14.     The FAC also names as Defendants DOES 1 through 100 ("DOE Defendants").  The one-hundred "Doe" Defendants named in the FAC are not considered in assessing diversity.   *See*, *e.g.*, *Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.  As such, the district court was correct in only considering

the domicile of the named defendants.").  Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

15.    Because Plaintiff is a citizen of California and Defendants CHS and Lisa Cline are citizens of Minnesota, complete diversity of citizenship exists in this matter.

## B.    The Amount in Controversy Requirement is Satisfied.

16.    Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).  The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

17.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.  In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).  A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum.  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376

(9th Cir. 1997).

18.    Defendant CHS adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages.  Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co*., 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party.  *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).

19.    In determining the $75,000 threshold, a court may also consider the aggregate value of claims for compensatory and punitive damages.  *See e.g., Bell v. Preferred Life Society,* 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement").  Essentially, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

20.    In the instant case, Plaintiff alleges seven causes of action seeking recovery of damages for injuries or damages he allegedly began "regularly" incurring beginning in or around September 2014, when he was hired, through the date his employment ended. *See* Medina Decl.  ¶ 4, **Exhibit B**, FAC ¶¶ 17-30.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

FP 38233054.1

Specifically, Plaintiff seeks recovery of unpaid wages, unpaid overtime wages, unpaid premium wages, waiting time penalties, liquidated damages, restitution, unpaid business expenses, nominal, actual, compensatory, punitive, exemplary, prejudgment interest, post-judgment interest, attorney's fee, cost of suit, and general damages for "substantial loss related to the use and enjoyment of [unpaid] wages." Medina Decl., ¶ 4, **Exhibit B**, FAC ¶¶ 35, 40, Prayer ¶¶1–6.

21.    The Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted).  As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages.  *Parker-Williams, supra*, 53 F.Supp.3d at p. 152.  Simply put, it is more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

22.    In any event, the attorneys' fees will, in addition to Plaintiff's individual claims satisfy the amount in controversy as to his individual claims.

23.    Thus, based on the nature of the allegations, Plaintiff has placed in controversy an amount exceeding $75,000.00, exclusive of costs and interest. Accordingly, the State Lawsuit may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## V.    PROCEDURAL PREREQUISITES

24.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Los Angeles Superior Court, where the action was filed.

25.    As required by 28 U.S.C. § 1446(d), a written notice of this Notice of

Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record Kharatian Law, APC. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit D** (without exhibits because the exhibit is this Notice).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles.  A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit F** (without exhibits because the exhibit is this Notice).

26.     This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

27.     In filing this notice, Defendant CHS does not waive any defenses.

28.     In filing this notice, Defendant CHS does not admit any of the allegations made in Plaintiff's State Lawsuit.

**VI.     CONCLUSION**

29.     Based on the foregoing, Defendant CHS prays that the above-described action pending in the Superior Court of California, Los Angeles be removed to the United States District Court for the Central District of California.


Dated:  July 23, 2020                          Respectfully submitted,

                                               FISHER & PHILLIPS LLP


                                               By:   _/s/Cristina Medina_____
                                               KRISTEN J. NESBIT
                                               CRISTINA MEDINA
                                               Attorneys for Defendants
                                               CYGNUS HOME SERVICE, LLC

9

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2020 12:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV17804

**SUM-100**

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCHWAN'S FOOD SERVICE, INC., a GEORGIA corporation; (See Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERTO BARANDIARAN, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Glendale Courthouse

600 E Broadway, Glendale, CA 91206

CASE NUMBER:
*(Número del Caso):*
**20STCV17804**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jores Kharatian, Esq., Kharatian Law, APC 595 E. Colorado Blvd., Suite 210 Pasadena, CA 626-759-9900

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 05/11/2020
*(Fecha)*

Clerk, by
*(Secretario)* C. Monroe , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* SCHWANS FOOD SERVICES, INC.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/13/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Barandiaran v. Schwan's Food Service, Inc. et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
▶ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

SCHWAN'S CONSUMER BRANDS, INC., a GEORGIA corporation; LISA KLEIN and DOES 1 through 100, inclusive

Page 2 of 2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

1 | Jores Kharatian, Esq. (SBN: 306150)
*Jores@kharatianlaw.com*
2 | KHARATIAN LAW, APC
595 E. Colorado Blvd., Suite 210
3 | Pasadena, CA 91101
Telephone: (626) 759-9900
4 | Facsimile: (888) 636-5090

5 | Attorneys for Plaintiff
ROBERTO BARANDIARAN
6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

10 | ROBERTO BARANDIARAN, an individual, | **CASE NO.:** 20STCV17804

11 | Plaintiff, | **COMPLAINT FOR:**

12 | v. | **(1) FAILURE TO PAY MINIMUM WAGES (LABOR CODE §§ 1194, 1197);**

13 | SCHWAN'S FOOD SERVICE, INC., a GEORGIA corporation; SCHWAN'S
14 | CONSUMER BRANDS, INC., a GEORGIA corporation; LISA KLEIN and DOES 1
15 | through 100, inclusive, | **(2) FAILURE TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE § 1198);**

16 | Defendants. | **(3) FAILURE TO PAY OVERTIME WAGES (LABOR CODE §§ 510,**
17 | | **1194, 1198 ET SEQ.);**

18 | | **(4) FAILURE TO PROVIDE MEAL PERIODS (LABOR CODE §§ 226.7,**
19 | | **512);**

20 | | **(5) FAILURE TO PROVIDE REST PERIODS (LABOR CODE § 226.7);**
21 |

22 | | **(6) FAILURE TO PROVIDE ACCURATE WAGE**
23 | | **STATEMENTS (LABOR CODE § 226);**

24 | | **(7) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION**
25 | | **17200 ET SEQ**

26 |

27 | | **UNLIMITED CIVIL CASE**

28 | | **DEMAND FOR JURY TRIAL**

-1-

COMPLAINT

1

2       PLAINTIFF, ROBERTO BARANDIARAN ("PLAINTIFF" or "BARANDIARAN"), an

3 individual, hereby submits this Complaint for Damages against SCHWAN'S FOOD SERVICE,

4 INC., a Georgia corporation ("SFS"); SCHWAN'S CONSUMER BRANDS, INC. ("SCB"), a

5 GEORGIA corporation and DOES 1 through 100, inclusive (hereinafter, all DEFENDANTS will be

6 referred to collectively as "DEFENDANTS"), and each of them, and alleges as follows:

7                     **PARTIES, JURISDICTION, VENUE**

8      (1)    PLAINTIFF was and is at all relevant times herein an individual residing in the

9 County of Los Angeles, State of California.

10      (2)    SFS is and at all time relevant hereto was a Georgia corporation, existing, doing

11 business, and employing individuals in the County of Los Angeles, State of California.

12      (3)    SCB is and at all time relevant hereto was a Georgia corporation, existing, doing

13 business, and employing individuals in the County of Los Angeles, State of California.

14      (4)    LISA KLEIN ("KLEIN") is was and is at all relevant times herein an individual

15 residing in the County of Los Angeles, State of California

16      (5)    The true names and capacities, whether individual, corporate, associate, or otherwise

17 of the DEFENDANTS named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this

18 time and therefore said DEFENDANTS are sued by such fictitious names. PLAINTIFF will seek

19 leave to amend this Complaint to insert the true names and capacities of said DEFENDANTS when

20 the same become known to PLAINTIFF. PLAINTIFF is informed and believes and thereupon

21 alleges that each of the fictitiously-named DEFENDANTS is responsible for the wrongful acts

22 alleged herein and is therefore liable to PLAINTIFF as alleged hereinafter.

23      (6)    PLAINTIFF is informed and believes, and based thereupon alleges, that at all times

24 relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents,

25 supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the

26 other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least

27 in part within the course and scope of said agency, employment, conspiracy, joint employment, alter

28 ego status, and/or joint venture and with the permission and consent of each of the other

-2-

1 | DEFENDANTS.

2 | (7) PLAINTIFF is informed and believes, and based thereupon alleges, that
3 | DEFENDANTS, and each of them, including those DEFENDANTS named DOES 1-100, acted in
4 | concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited,
5 | compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do
6 | so. PLAINTIFF is further informed and believes, and based thereupon alleges, that the
7 | DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-100, formed
8 | and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts
9 | alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,
10 | intended to and actually causing PLAINTIFF harm.

11 | (8) Whenever and wherever reference is made in this Complaint to any act or failure to
12 | act by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed
13 | to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and
14 | severally.

15 | **ALTER EGO, AGENCY, AND JOINT EMPLOYER**

16 | (9) PLAINTIFF is informed and believes, and based thereon alleges, that there exists such
17 | a unity of interest and ownership between KLEIN, SFS and SCB and DOES 1-100 that the
18 | individuality and separateness of DEFENDANTS have ceased to exist.

19 | (10) PLAINTIFF is informed and believes, and based thereon alleges. that despite the
20 | formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as SFS and
21 | SCB, including, but not limited to:

22 | (a) KLEIN, SFS and SCB are completely dominated and controlled by DOES 1-100, who
23 | personally violated the laws as set forth in this Complaint, and who have hidden and currently hide
24 | behind SFS and SCB to circumvent statutes or accomplish some other wrongful or inequitable
25 | purpose.

26 | (b) DOES 1-100 derive actual and significant monetary benefits by and through KLEIN,
27 | SFS and SCB's unlawful conduct, and by using SFS and SCB as the funding source for their own
28 | personal expenditures.

1    (c) PLAINTIFF is informed and believes that KLEIN, SFS and SCB and DOES 1-100,

2 while really one and the same, were segregated to appear as though separate and distinct for purposes

3 of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

4    (d) PLAINTIFF is informed and believes that DEFENDANTS do not comply with all

5 requisite corporate formalities to maintain a legal and separate corporate existence.

6    (e) PLAINTIFF is informed and believes, and based thereon alleges, that the business

7 affairs of KLEIN, SFS and SCB and DOES 1-100 are, and at all times relevant were, so mixed and

8 intermingled that the same cannot reasonably be segregated, and the same are in inextricable

9 confusion KLEIN, SFS and SCB are, and at all times relevant hereto were, used by DOES 1-100 as

10 a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and are, and were, the

11 alter ego of DOES 1-100. The recognition of the separate existence of KLEIN, SFS and SCB do not

12 promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to

13 PLAINTIFF for violations of the Government Code, Labor Code, and other statutory violations. The

14 corporate existence of KLEIN, SFS and SCB and DOES 1-100 should be disregarded in equity and

15 for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF

16 herein.

17   (11) Accordingly, KLEIN, SFS and SCB constitute the alter ego of DOES 1-100, and the

18 fiction of their separate corporate existence must be disregarded.

19   (12) As a result of the aforementioned facts, PLAINTIFF is informed and believes, and

20 based thereon alleges that DEFENDANTS are PLAINTIFF's joint employers by virtue of a joint

21 enterprise, and that PLAINTIFF was an employee of KLEIN, SFS and SCB and DOES 1-100.

22 PLAINTIFF performed services for each and every one of DEFENDANTS, and to the mutual benefit

23 of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either

24 directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

25          **GENERAL ALLEGATIONS**

26   (13) In or about September 9, 2014, PLAINTIFF, was hired by DEFENDANTS as an

27 Associate Territory Manager with an anticipated and targeted start date of September 22, 2014.

28 Thereafter in or about February 27, 2017 PLAINTIFF position was changed to that of a Service

1  Coordinator.

2      (14)   PLAINTIFF's job duties and responsibilities included, without limitation, ensuring
3  daily execution and resolution of all customer commitments for the DEFENDANTS. PLAINTIFF in
4  his position as a Service Coordinator was essentially to act a as a liaison between customers,
5  managers, and route salespersons to ensure that any operational problems are solved.

6      (15)   DEFENDANTS controlled, directed, and supervised the manner and method in which
7  PLAINTIFF carried out his job duties and responsibilities.

8      (16)   DEFENDANTS also decided the hours and days PLAINTIFF works each week.

9      (17)   PLAINTIFF did not have the authority to hire or fire others and DEFENDANTS did
10  not give particular weight to PLAINTIFF's suggestions or recommendations as to the hiring or firing
11  of others or as to the advancement and promotion of others.

12      (18)   Accordingly, PLAINTIFF was a non-exempt employee entitled to the protections
13  afforded by the Labor Code and Industrial Welfare Commission Order applicable to his industry and
14  occupation.

15      (19)   PLAINTIFF typically worked for DEFENDANT five (5) days per week Monday
16  through Friday ("Workweek") and any weeks in which there was a holiday or PLAINTIFF took a
17  day off for any reasons during the Workweek PLAINTIFF was required to make up such day on
18  Saturday.

19      (20)   PLAINTIFF regularly worked for DEFENDANTS in excess of ten (10) hours per day.

20      (21)   DEFENDANTS did not keep accurate records of the beginning or end of
21  PLAINTIFF's work periods and meal periods.

22      (22)   Indeed, DEFENDANTS compensated PLAINTIFF at set salary irrespective of the
23  hours he actually worked and the respective rate of pay for such hours.

24      (23)   As a consequence of DEFENDANTS' payment to PLAINTIFF set salary irrespective
25  of the hours he actually worked, DEFENDANTS failed to pay PLAINTIFF not less than the legal
26  minimum wage for all hours worked and failed to pay PLAINTIFF at the applicable overtime rate
27  for all overtime hours worked.

28      (24)   DEFENDANTS regularly fail to provide PLAINTIFF uninterrupted meal periods of

1  not less than thirty (30) minutes for every five (5) hours worked each workday before the end of his

2  fifth (5th) and tenth (10th) hours of work.

3      (25)   Work conditions and DEFENDANTS' inflexible scheduling practices regularly

4  deprived PLAINTIFF of meaningful opportunity to take full, uninterrupted, and timely meal periods.

5      (26)   PLAINTIFF was not relieved of all duties and DEFENDANTS continue to exercise

6  control over his activities even when he attempts to take meal periods.

7      (27)   DEFENDANTS regularly impeded and discouraged PLAINTIFF from taking full,

8  uninterrupted, and timely meal periods by requiring him to work through meal periods.

9      (28)   DEFENDANT further regularly failed to authorize and permit PLAINTIFF to take

10 full, uninterrupted ten (10) minute rest periods for every four (4) hours or major fraction thereof

11 worked.

12     (29)   PLAINTIFF was regularly called back to duty by DEFENDANTS before receiving

13 ten (10) minutes of net rest time even when he attempted to take rest periods.

14     (30)   DEFENDANTS regularly impeded and discouraged PLAINTIFF from taking full,

15 uninterrupted, and timely rest periods by requiring him to work through rest periods.

16     (31)   PLAINTIFF regularly informed KLEIN, whom was PLAINTIFF's supervisor and

17 immediate manager of the lack of meal and rest periods, overtime and unpaid and off the clock work

18 to no avail.

19 <div align="center">**FIRST CAUSE OF ACTION**</div>

20 <div align="center">**FAILURE TO COMPENSATE FOR ALL HOURS**</div>

21 <div align="center">**(Lab. Code § 1197 *et seq.*)**</div>

22 <div align="center">**(Against All Defendants)**</div>

23     (32)   Plaintiff realleges and incorporates by reference all of the allegations contained in the

24 preceding paragraphs of this Complaint as though fully set forth herein.

25     (33)   At all times relevant herein, DEFENDANT was required to compensate PLAINTIFF

26 for all hours worked upon reporting for work at the appointed time stated by DEFENDANT, pursuant

27 to Industrial Welfare Commission Orders, and Labor Code §§ 200, 226, 500, 510, and 1197.

28     (34)   At all times relevant hereto, DEFENDANT failed to compensate PLAINTIFF for all

<div align="center">-6-</div>

1  hours worked by not compensating him for work performed. DEFENDANTS failed to compensate

2  PLAINTIFF for all hours worked as required under the foregoing provisions of the California Labor

3  Code and IWC Wage Orders by, among other things: failing to pay overtime at one and one half (1½)

4  or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and applicable

5  IWC Wage Orders; requiring, permitting or suffering PLAINTIFF to work off the clock; requiring,

6  permitting or suffering PLAINTIFF to work through meal and rest breaks; illegally and inaccurately

7  recording time in which PLAINTIFF worked; failing to properly maintain PLAINTIFF's records;

8  failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; improperly

9  rounding time worked; and other methods to be discovered.

10      (35)    Under the aforementioned Wage Order and California law, PLAINTIFF is entitled to

11  recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing

12  of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5,

13  and penalties pursuant to Labor Code § 226.

14      (36)    In violation of state law, DEFENDANT has knowingly and willfully refused to

15  perform their obligations to compensate PLAINTIFF for all wages earned and all hours worked. As

16  a direct result, PLAINTIFF has suffered, and continues to suffer, substantial losses related to the use

17  and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in

18  seeking to compel DEFENDANT to fully perform its obligation under state law, all to its respective

19  damage in amounts according to proof at time of trial. DEFENDANT committed the acts alleged

20  herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFF,

21  from improper motives amounting to malice, and in conscious disregard of PLAINTIFF's

22  rights. PLAINTIFF is thus entitled to recover nominal, actual, compensatory, punitive, and

23  exemplary damages in amounts according to proof at time of trial.

24      (37)    DEFENDANT's conduct described herein violates Labor Code §§ 200, 226, 500,

25  1197 and 1198, and Industrial Welfare Commission Orders. Therefore, pursuant to Labor Code

26  §§218.5, 226, 558, 1194, and 1194.2, PLAINTIFF is entitled to recover damages for the nonpayment

27  of wages of all hours worked that were improperly deducted by DEFENDANT's policies, penalties,

28  reasonable attorney's fees, expenses, and costs of suit. PLAINTIFF requests relief as hereinafter

1  provided.

2  ## SECOND CAUSE OF ACTION

3  ### FAILURE TO PAY OVERTIME WAGES

4  **(Lab. Code §§ 510, 1194, 1198 et seq.)**

5  **(Against All Defendants)**

6  (38)    PLAINTIFF realleges and incorporates by reference all of the allegations contained

7  in the preceding paragraphs of this Complaint as though fully set forth herein.

8  (39)    Pursuant to California Labor Code §§ 510, 1194, and applicable IWC Wage Orders,

9  DEFENDANTS are required to compensate PLAINTIFF for all overtime, which is calculated at

10  one and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours

11  per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh

12  consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any

13  workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of

14  work in any workweek.

15  (40)    PLAINTIFF is a non-exempt employee entitled to the protections of California

16  Labor Code §§ 510, 1194, and applicable IWC Wage Orders.  DEFENDANTS failed to

17  compensate PLAINTIFF for all overtime hours worked as required under the foregoing provisions

18  of the California Labor Code and IWC Wage Orders by, among other things: failing to pay

19  overtime at one and one half (1½) or double the regular rate of pay as provided by California Labor

20  Code §§ 510, 1194, and applicable IWC Wage Orders; requiring, permitting or suffering

21  PLAINTIFF to work off the clock; requiring, permitting or suffering PLAINTIFF to work through

22  meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF worked;

23  failing to properly maintain PLAINTIFF's records; failing to calculate shift differential pay as part

24  of the regular rate of pay; failing to provide accurate itemized wage statements to PLAINTIFF for

25  each pay period; improperly rounding time worked; and other methods to be discovered.

26  (41)    In violation of California law, DEFENDANTS have knowingly and willfully

27  refused to perform their obligations to compensate PLAINTIFF for all wages earned and all hours

28  worked.  As a proximate result, PLAINTIFF have suffered, and continue to suffer, substantial

-8-

1   losses related to the use and enjoyment of such wage, lost interest on such wage, and expenses and

2   attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state

3   law, all to their respective damages in amounts according to proof at the time of trial, and within

4   the jurisdiction of the Court.

5       (42)    DEFENDANTS' conduct described herein violates California Labor Code §§ 510,

6   1194, 1998 and applicable IWC Wage Orders.  Therefore, pursuant to California Labor Code §§

7   200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code

8   and IWC Wage Orders, PLAINTIFF is entitled to recover the unpaid balance of wages owed to him

9   by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

10   **THIRD CAUSE OF ACTION**

11   **FAILURE TO PROVIDE MEAL PERIODS**

12   **(Lab. Code §§226.7, 512)**

13   **(Against All Defendants)**

14       (43)    PLAINTIFF realleges and incorporates by reference all of the allegations contained

15   in the preceding paragraphs of this Complaint as though fully set forth herein.

16       (44)    Pursuant to Labor Code section 512, no employer shall employ an employee for a

17   work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in

18   which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an

19   employee for a work period of more than ten (10) hours per day without providing the employee with

20   a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of

21   his or her duties.  Plaintiff was not provided with requisite meal periods as contemplated under the

22   law.

23       (45)    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

24   with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

25   Commission, the employer shall pay the employee one additional hour of pay at the employee's

26   regular rate of compensation for each work day that the meal period or rest period is not provided.

27       (46)    By their failure to provide PLAINTIFF with the meal periods contemplated by

28   California law, and failing to provide compensation for such unprovided meal periods, as alleged

1 | above, DEFENDANTS willfully violated the provisions of Labor Code section 512 and applicable
2 | Wage Orders.

3 | (47)     Because of DEFENDANTS unlawful conduct, PLAINTIFF has suffered damages in
4 | an amount, subject to proof, to the extent he was not paid additional pay owed for missed meal
5 | periods.

6 | (48)     PLAINTIFF is entitled to recover the full amount of his unpaid additional pay for
7 | missed meal periods. Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to
8 | recover the reasonable attorneys' fees and costs of suit.

9 | (49)     Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover
10 | prejudgment interest on the additional pay owed for missed meal periods.

11 | **FOURTH CAUSE OF ACTION**

12 | **FAILURE TO PROVIDE REST PERIODS**

13 | **(Lab. Code § 226.7)**

14 | **(Against All Defendants)**

15 | (50)     PLAINTIFF realleges and incorporates by reference all of the allegations contained
16 | in the preceding paragraphs of this Complaint as though fully set forth herein.

17 | (51)     California law and applicable Wage Orders require that employers "authorize and
18 | permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work
19 | period "or major fraction thereof." Accordingly, employees who work shifts of three-and-a-half (3
20 | ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts
21 | of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest
22 | period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)
23 | minutes of paid rest period. Plaintiff was not provided with requisite rest periods as contemplated
24 | under the law.

25 | (52)     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
26 | with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare
27 | Commission, the employer shall pay the employee one additional hour of pay at the employee's
28 | regular rate of compensation for each work day that the meal period or rest period is not provided.

-10-

1     (53)    By its failure to provide PLAINTIFF with the rest periods contemplated by California

2 law, and failing to provide compensation for such unprovided rest periods, as alleged above,

3 DEFENDANT willfully violated the provisions of Labor Code section 226.7 and applicable Wage

4 Orders.

5     (54)    Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in

6 an amount, subject to proof, to the extent he was not paid additional pay owed for missed rest

7 periods.

8     (55)    PLAINTIFF is entitled to recover the full amount of his unpaid additional pay for

9 missed rest periods. Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to

10 recover reasonable attorneys' fees and costs of suit.

11     (56)    Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover

12 prejudgment interest on the additional pay owed for missed rest periods.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Lab. Code § 226)

### (Against All Defendants)

17     (57)    PLAINTIFF realleges and incorporates by reference all of the allegations contained

18 in the preceding paragraphs of this Complaint as though fully set forth herein.

19     (58)    At all relevant times, PLAINTIFF was an employee of DEFENDANT covered by

20 Labor Code section 226.

21     (59)    Pursuant to Labor Code section 226(a), PLAINTIFF was entitled to receive, semi-

22 monthly or at the time of each payment of wages, an accurate itemized statement showing gross

23 wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the

24 corresponding number of hours worked at each hourly rate, among other information.

25     (60)    DEFENDANT failed to provide PLAINTIFF accurate itemized wage statements in

26 accordance with Labor Code section 226(a).

27     (61)    PLAINTIFF is informed and believe and thereon allege that at all relevant times,

28 DEFENDANT maintained and continues to maintain a policy and practice of not issuing itemized

1 wage statements to PLAINTIFF. DEFENDANT's practices resulted and continue to result in the
2 failure to issue itemized wage statements to PLAINTIFF.

3    (62)    DEFENDANT's failure to provide PLAINTIFF with accurate wage statements was
4 knowing and intentional. DEFENDANT had the ability to provide PLAINTIFF with accurate wage
5 statements, but intentionally failed to do so.

6    (63)    Because of DEFENDANT's unlawful conduct, PLAINTIFF has suffered injury. The
7 absence of accurate wage statements has delayed timely challenge to DEFENDANT's unlawful pay
8 practices, requires discovery and mathematical computations to determine the amount of wages
9 owed, causes difficulty and expense in attempting to reconstruct time and pay records.

10   (64)    Pursuant to Labor Code section 226(e), PLAINTIFF is entitled to recover $50 for the
11 initial pay period during the period in which violation of Labor Code section 226 occurred and $100
12 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate
13 penalty of $4,000.

14   (65)    Pursuant to Labor Code sections 226(e) and 226(g), PLAINTIFF is entitled to recover
15 the full amount of penalties due under Labor Code section 226(e), reasonable attorneys' fees and
16 costs of suit.

17                          **SIXTH CAUSE OF ACTION**

18              **FAILURE TO REIMBURSE ALL BUSINESS EXPENSES**

19                            **(Against All Defendants)**

20   (66)    PLAINTIFF realleges and incorporates by reference all of the allegations contained
21 in the preceding paragraphs of this Complaint as though fully set forth herein.

22   (67)    Labor Code section 2802 (a) provides: An employer shall indemnify his or her
23 employee for all necessary expenditures or losses incurred by the employee in direct consequence of
24 the discharge of his or her duties, or of his or her obedience to the directions of the employer, even
25 though unlawful, unless the employee, at the time of obeying the directions, believed them to be
26 unlawful. *Id.* §2802(a).

27   (68)    Upon being hired by DEFENDANTS, PLAINTIFF position would require
28 PLAINTIFF to travel on a regular basis to various Macy's department stores throughout Southern

-12-

1  California. Furthermore, PLAINTIFF was to receive shipments on a regular basis containing various

2  promotional products of DEFENDANTS in which PLAINTIFF would store within his personal

3  residence and then distribute to the various Macy's department stores throughout Southern California

4  in which he was assigned to.

5  (69)  PLAINTIFF was solely compensated four thousand dollars ($4,000) annually

6  regardless of the actual amount of expenses PLAINTIFF incurred.

7  (70)  In turn PLAINTIFF was not compensated for all of his mileage as well as the expenses

8  incurred by PLAINTIFF for storing the promotional products shipped to PLAINTIFF.

9  **SEVENTH CAUSE OF ACTION**

10  **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200 ET SEQ**

11  **(Against All Defendants)**

12  (71)  PLAINTIFF realleges and incorporates by reference all of the allegations contained

13  in the preceding paragraphs of this Complaint as though fully set forth herein.

14  (72)  Business and Professions Code section 17200 et seq prohibits acts of unfair

15  competition, which includes any "unlawful, unfair or fraudulent business act or practice".

16  (73)  DEFENDANT are "persons" as that term is defined under Business and Professions

17  Code section 17021.

18  (74)  At all times relevant hereto, DEFENDANT violated Business and Professions Code

19  section 17200 et seq by engaging in acts of unfair competition referred to herein above.

20  (75)  As a direct and legal result of DEFENDANT' engaging in acts of unlawful, unfair, or

21  fraudulent business acts or practices, DEFENDANT have obtained valuable property, money, and

22  services from PLAINTIFF and have deprived PLAINTIFF of  valuable rights, benefits, and

23  privileges guaranteed to employees under California law, all to his detriment and to DEFENDANT'

24  benefit which has allowed DEFENDANT to unfairly compete against competitors who comply with

25  the law.

26  (76)  PLAINTIFF is entitled to recover, pursuant to Business and Professions Code section

27  17203, the money and property which DEFENDANT have acquired, or of which he has been

28  deprived, in an amount according to proof at trial.

-13-

1

## PRAYER FOR RELIEF

2     WHEREFORE, PLAINTIFF ROBERTO BARANDIARAN prays for judgment against

3     DEFENDANT as follows:

4     (1)   For unpaid wages pursuant to Labor Code section 1194 in an amount to be ascertained

5           and established according to proof at trial;

6     (2)   For unpaid overtime wages pursuant to Labor Code section 1194 in an amount to be

7           ascertained and established according to proof at trial;

8     (3)   For premium wages pursuant to Labor Code section 226.7 in an amount to be

9           ascertained and established according to proof at trial;

10    (4)   For waiting time penalties pursuant to Labor Code section 203 in an amount to be

11          ascertained and established according to proof at trial;

12    (5)   For liquidated damages pursuant to Labor Code section 226 in an amount to be

13          ascertained and established according to proof at trial;

14    (6)   For restitution pursuant to Business and Professions Code section 17203 in an amount

15          according to proof at trial;

16    (7)   For unpaid business expenses pursuant to Labor Code section 2802;

17    (8)   For prejudgment interest on each of the foregoing at the legal rate from the date the

18          obligation became due through the date of judgment on this matter;

19    (9)   For post-judgment interest;

20    (10)  For reasonable attorneys' fees and costs of suit pursuant to the Labor Code and/or any

21          other basis;

22    (11)  For penalties as required by law; and

23    (12)  For such other relief as this Court deems just and proper.

24    Dated: May 11, 2020                                    KHARATIAN LAW, APC

25

26
                          By:
27                                          Jores Kharatian, Esq.
                                      Attorney for Plaintiff ROBERTO BARANDIARAN
28

-14-

## **DEMAND FOR JURY TRIAL**

1.  PLAINTIFF ROBERTO BARANDIARAN demands trial by jury

Dated: May 11, 2020

KHARATIAN LAW, APC

By: _____

Jores Kharatian, Esq.
Attorney for Plaintiff ROBERTO BARANDIARAN

-15-

COMPLAINT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 05/11/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: C. Monroe Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 20STCV17804 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Barbara A. Meiers | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 05/11/2020
(Date)

By C. Monroe _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2020 03:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

Case 2:20-cv-06577-AB-PD   Document 1   Filed 07/23/20   Page 30 of 81   Page ID #:30

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jores Kharatian, Esq. (SBN: 306150)<br>KHARATIAN LAW, APC<br>595 E. Colorado Blvd., Suite 210<br>Pasadena, CA 91101 | |

TELEPHONE NO.: 626-759-9900          FAX NO.: 888-636-5090

ATTORNEY FOR *(Name):* Plaintiff Roberto Barandiaran

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles

STREET ADDRESS: 111 N. Hill St.

MAILING ADDRESS: 111 N. Hill St.

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Central District

CASE NAME:

Barandiaran v. Schwan's Food Service, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV17804 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*   Seven (7)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2020

Jores Kharatian, Esq.

_____
(TYPE OR PRINT NAME)                                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Barandiaran v. Schwan's Food Service, Inc. et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Barandiaran v. Schwan's Food Service, Inc. et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Barandiaran v. Schwan's Food Service, Inc. et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Barandiaran v. Schwan's Food Service, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 19840 S Rancho Way |

| CITY: Compton | STATE: CA | ZIP CODE: 90220 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___May 11, 2020___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT B

1  Jores Kharatian, Esq. (SBN: 306150)
   *Jores@kharatianlaw.com*
2  KHARATIAN LAW, APC
   595 E. Colorado Blvd., Suite 210
3  Pasadena, CA 91101
   Telephone: (626) 759-9900
4  Facsimile:  (888) 636-5090

5  Attorneys for Plaintiff
   ROBERTO BARANDIARAN
6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8       **FOR THE COUNTY OF LOS ANGELES–NORTH CENTRAL DISTRICT**

9

| 10 | ROBERTO BARANDIARAN, an individual, | **CASE NO.: 20STCV17804** |
|----|----|----|
| 11 | Plaintiff, | ***Assigned for all purposes to Hon. Barbara A. Meiers; Dept. 12*** |
| 12 | v. | |
| 13 | CYGNUS HOME SERVICE, LLC., a MINNESOTA corporation; LISA CLINE, an individual and DOES 1 through 100, inclusive, | **FIRST AMENDED COMPLAINT FOR:** |
| 14 | | **(1) FAILURE TO PAY MINIMUM WAGES (LABOR CODE §§ 1194, 1197);** |
| 15 | Defendants. | |
| 16 | | **(2) FAILURE TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE § 1198);** |
| 17 | | |
| 18 | | **(3) FAILURE TO PAY OVERTIME WAGES (LABOR CODE §§ 510, 1194, 1198 ET SEQ.);** |
| 19 | | |
| 20 | | **(4) FAILURE TO PROVIDE MEAL PERIODS (LABOR CODE §§ 226.7, 512);** |
| 21 | | |
| 22 | | **(5) FAILURE TO PROVIDE REST PERIODS (LABOR CODE § 226.7);** |
| 23 | | |
| 24 | | **(6) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (LABOR CODE § 226);** |
| 25 | | |
| 26 | | **(7) VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ** |
| 27 | | |
| 28 | | **UNLIMITED CIVIL CASE** |

-1-

**DEMAND FOR JURY TRIAL**

PLAINTIFF, ROBERTO BARANDIARAN ("PLAINTIFF" or "BARANDIARAN"), an individual, hereby submits this Complaint for Damages against CYGNUS HOME SERVICE, LLC. ("CHS"), a Minnesota corporation, LISA CLINE ("CLINE"), an individual and DOES 1 through 100, inclusive (hereinafter, all DEFENDANTS will be referred to collectively as "DEFENDANTS"), and each of them, and alleges as follows:

<u>PARTIES, JURISDICTION, VENUE</u>

(1)    PLAINTIFF was and is at all relevant times herein an individual residing in the County of Los Angeles, State of California.

(2)    CHS is and at all time relevant hereto was a Minnesota corporation, existing, doing business, and employing individuals in the County of Los Angeles, State of California.

(3)    LISA CLINE is was and is at all relevant times herein an individual residing in the County of Los Angeles, State of California

(4)    The true names and capacities, whether individual, corporate, associate, or otherwise of the DEFENDANTS named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this time and therefore said DEFENDANTS are sued by such fictitious names.  PLAINTIFF will seek leave to amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same become known to PLAINTIFF.  PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously-named DEFENDANTS is responsible for the wrongful acts alleged herein and is therefore liable to PLAINTIFF as alleged hereinafter.

(5)    PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other

-2-

1 DEFENDANTS.

2     (6)    PLAINTIFF is informed and believes, and based thereupon alleges, that

3 DEFENDANTS, and each of them, including those DEFENDANTS named DOES 1-100, acted in

4 concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited,

5 compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do

6 so.    PLAINTIFF is further informed and believes, and based thereupon alleges, that the

7 DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-100, formed

8 and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts

9 alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,

10 intended to and actually causing PLAINTIFF harm.

11     (7)    Whenever and wherever reference is made in this Complaint to any act or failure to

12 act by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed

13 to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and

14 severally.

15            **ALTER EGO, AGENCY, AND JOINT EMPLOYER**

16     (8)    PLAINTIFF is informed and believes, and based thereon alleges, that there exists such

17 a unity of interest and ownership between CLINE, CHS and DOES 1-100 that the individuality and

18 separateness of DEFENDANTS have ceased to exist.

19     (9)    PLAINTIFF is informed and believes, and based thereon alleges. that despite the

20 formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as SFS and

21 CHS, including, but not limited to:

22     (a) CLINE and CHS are completely dominated and controlled by DOES 1-100, who

23 personally violated the laws as set forth in this Complaint, and who have hidden and currently hide

24 behind SFS and CHS to circumvent statutes or accomplish some other wrongful or inequitable

25 purpose.

26     (b) DOES 1-100 derive actual and significant monetary benefits by and through CLINE

27 and CHS's unlawful conduct, and by using CHS as the funding source for their own personal

28 expenditures.

(c) PLAINTIFF is informed and believes that CLINE and CHS and DOES 1-100, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

(d) PLAINTIFF is informed and believes that DEFENDANTS do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

(e) PLAINTIFF is informed and believes, and based thereon alleges, that the business affairs of CLINE and CHS and DOES 1-100 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion CLINE and CHS are, and at all times relevant hereto were, used by DOES 1-100 as a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and are, and were, the alter ego of DOES 1-100.  The recognition of the separate existence of CLINE and CHS do not promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code, and other statutory violations.  The corporate existence of CLINE and CHS and DOES 1-100 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF herein.

(10)   Accordingly, CLINE and CHS constitute the alter ego of DOES 1-100, and the fiction of their separate corporate existence must be disregarded.

(11)   As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based thereon alleges that DEFENDANTS are PLAINTIFF's joint employers by virtue of a joint enterprise, and that PLAINTIFF was an employee of CLINE and CHS and DOES 1-100. PLAINTIFF performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

## **GENERAL ALLEGATIONS**

(12)   In or about September 9, 2014, PLAINTIFF, was hired by DEFENDANTS as an Associate Territory Manager with an anticipated and targeted start date of September 22, 2014. Thereafter in or about February 27, 2017 PLAINTIFF position was changed to that of a Service Coordinator.

(13)     PLAINTIFF's job duties and responsibilities included, without limitation, ensuring daily execution and resolution of all customer commitments for the DEFENDANTS. PLAINTIFF in his position as a Service Coordinator was essentially to act a as a liaison between customers, managers, and route salespersons to ensure that any operational problems are solved.

(14)     DEFENDANTS controlled, directed, and supervised the manner and method in which PLAINTIFF carried out his job duties and responsibilities.

(15)     DEFENDANTS also decided the hours and days PLAINTIFF works each week.

(16)     PLAINTIFF did not have the authority to hire or fire others and DEFENDANTS did not give particular weight to PLAINTIFF's suggestions or recommendations as to the hiring or firing of others or as to the advancement and promotion of others.

(17)     Accordingly, PLAINTIFF was a non-exempt employee entitled to the protections afforded by the Labor Code and Industrial Welfare Commission Order applicable to his industry and occupation.

(18)     PLAINTIFF typically worked for DEFENDANT five (5) days per week Monday through Friday ("Workweek") and any weeks in which there was a holiday or PLAINTIFF took a day off for any reasons during the Workweek PLAINTIFF was required to make up such day on Saturday.

(19)     PLAINTIFF regularly worked for DEFENDANTS in excess of ten (10) hours per day.

(20)     DEFENDANTS did not keep accurate records of the beginning or end of PLAINTIFF's work periods and meal periods.

(21)     Indeed, DEFENDANTS compensated PLAINTIFF at set salary irrespective of the hours he actually worked and the respective rate of pay for such hours.

(22)     As a consequence of DEFENDANTS' payment to PLAINTIFF set salary irrespective of the hours he actually worked, DEFENDANTS failed to pay PLAINTIFF not less than the legal minimum wage for all hours worked and failed to pay PLAINTIFF at the applicable overtime rate for all overtime hours worked.

(23)     DEFENDANTS regularly fail to provide PLAINTIFF uninterrupted meal periods of not less than thirty (30) minutes for every five (5) hours worked each workday before the end of his

-5-

fifth (5th) and tenth (10th) hours of work.

(24)    Work conditions and DEFENDANTS' inflexible scheduling practices regularly deprived PLAINTIFF of meaningful opportunity to take full, uninterrupted, and timely meal periods.

(25)    PLAINTIFF was not relieved of all duties and DEFENDANTS continue to exercise control over his activities even when he attempts to take meal periods.

(26)    DEFENDANTS regularly impeded and discouraged PLAINTIFF from taking full, uninterrupted, and timely meal periods by requiring him to work through meal periods.

(27)    DEFENDANT further regularly failed to authorize and permit PLAINTIFF to take full, uninterrupted ten (10) minute rest periods for every four (4) hours or major fraction thereof worked.

(28)    PLAINTIFF was regularly called back to duty by DEFENDANTS before receiving ten (10) minutes of net rest time even when he attempted to take rest periods.

(29)    DEFENDANTS regularly impeded and discouraged PLAINTIFF from taking full, uninterrupted, and timely rest periods by requiring him to work through rest periods.

(30)    PLAINTIFF regularly informed CLINE, whom was PLAINTIFF's supervisor and immediate manager of the lack of meal and rest periods, overtime and unpaid and off the clock work to no avail.

<div align="center">

**FIRST CAUSE OF ACTION**

**FAILURE TO COMPENSATE FOR ALL HOURS**

**(Lab. Code § 1197 *et seq.*)**

**(Against All Defendants)**

</div>

(31)    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

(32)    At all times relevant herein, DEFENDANT was required to compensate PLAINTIFF for all hours worked upon reporting for work at the appointed time stated by DEFENDANT, pursuant to Industrial Welfare Commission Orders, and Labor Code §§ 200, 226, 500, 510, and 1197.

(33)    At all times relevant hereto, DEFENDANT failed to compensate PLAINTIFF for all hours worked by not compensating him for work performed.  DEFENDANTS failed to compensate

1  PLAINTIFF for all hours worked as required under the foregoing provisions of the California Labor

2  Code and IWC Wage Orders by, among other things: failing to pay overtime at one and one half (1½)

3  or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and applicable

4  IWC Wage Orders; requiring, permitting or suffering PLAINTIFF to work off the clock; requiring,

5  permitting or suffering PLAINTIFF to work through meal and rest breaks; illegally and inaccurately

6  recording time in which PLAINTIFF worked; failing to properly maintain PLAINTIFF's records;

7  failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; improperly

8  rounding time worked; and other methods to be discovered.

9      (34)    Under the aforementioned Wage Order and California law, PLAINTIFF is entitled to

10  recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing

11  of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5,

12  and penalties pursuant to Labor Code § 226.

13      (35)    In violation of state law, DEFENDANT has knowingly and willfully refused to

14  perform their obligations to compensate PLAINTIFF for all wages earned and all hours worked.  As

15  a direct result, PLAINTIFF has suffered, and continues to suffer, substantial losses related to the use

16  and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in

17  seeking to compel DEFENDANT to fully perform its obligation under state law, all to its respective

18  damage in amounts according to proof at time of trial.  DEFENDANT committed the acts alleged

19  herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFF,

20  from improper motives amounting to malice, and in conscious disregard of PLAINTIFF's

21  rights.  PLAINTIFF is thus entitled to recover nominal, actual, compensatory, punitive, and

22  exemplary damages in amounts according to proof at time of trial.

23      (36)    DEFENDANT's conduct described herein violates Labor Code §§ 200, 226, 500,

24  1197 and 1198, and Industrial Welfare Commission Orders.  Therefore, pursuant to Labor Code

25  §§218.5, 226, 558, 1194, and 1194.2, PLAINTIFF is entitled to recover damages for the nonpayment

26  of wages of all hours worked that were improperly deducted by DEFENDANT's policies, penalties,

27  reasonable attorney's fees, expenses, and costs of suit.  PLAINTIFF requests relief as hereinafter

28  provided.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(Lab. Code §§ 510, 1194, 1198 et seq.)**

**(Against All Defendants)**

(37)     PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

(38)     Pursuant to California Labor Code §§ 510, 1194, and applicable IWC Wage Orders, DEFENDANTS are required to compensate PLAINTIFF for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

(39)     PLAINTIFF is a non-exempt employee entitled to the protections of California Labor Code §§ 510, 1194, and applicable IWC Wage Orders.  DEFENDANTS failed to compensate PLAINTIFF for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Orders by, among other things: failing to pay overtime at one and one half (1½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and applicable IWC Wage Orders; requiring, permitting or suffering PLAINTIFF to work off the clock; requiring, permitting or suffering PLAINTIFF to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF worked; failing to properly maintain PLAINTIFF's records; failing to calculate shift differential pay as part of the regular rate of pay; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; improperly rounding time worked; and other methods to be discovered.

(40)     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF for all wages earned and all hours worked.  As a proximate result, PLAINTIFF have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wage, lost interest on such wage, and expenses and

1    attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state

2    law, all to their respective damages in amounts according to proof at the time of trial, and within

3    the jurisdiction of the Court.

4         (41)    DEFENDANTS' conduct described herein violates California Labor Code §§ 510,

5    1194, 1998 and applicable IWC Wage Orders.  Therefore, pursuant to California Labor Code §§

6    200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code

7    and IWC Wage Orders, PLAINTIFF is entitled to recover the unpaid balance of wages owed to him

8    by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

9    <center>**THIRD CAUSE OF ACTION**</center>

10   <center>**FAILURE TO PROVIDE MEAL PERIODS**</center>

11   <center>**(Lab. Code §§226.7, 512)**</center>

12   <center>**(Against All Defendants)**</center>

13        (42)    PLAINTIFF realleges and incorporates by reference all of the allegations contained

14   in the preceding paragraphs of this Complaint as though fully set forth herein.

15        (43)    Pursuant to Labor Code section 512, no employer shall employ an employee for a

16   work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in

17   which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an

18   employee for a work period of more than ten (10) hours per day without providing the employee with

19   a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of

20   his or her duties.  Plaintiff was not provided with requisite meal periods as contemplated under the

21   law.

22        (44)    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

23   with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

24   Commission, the employer shall pay the employee one additional hour of pay at the employee's

25   regular rate of compensation for each work day that the meal period or rest period is not provided.

26        (45)    By their failure to provide PLAINTIFF with the meal periods contemplated by

27   California law, and failing to provide compensation for such unprovided meal periods, as alleged

28   above, DEFENDANTS willfully violated the provisions of Labor Code section 512 and applicable

Wage Orders.

(46)    Because of DEFENDANTS unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid additional pay owed for missed meal periods.

(47)    PLAINTIFF is entitled to recover the full amount of his unpaid additional pay for missed meal periods.  Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover the reasonable attorneys' fees and costs of suit.

(48)    Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code § 226.7)

### (Against All Defendants)

(49)    PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

(50)    California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof."  Accordingly, employees who work shifts of three-and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.  Plaintiff was not provided with requisite rest periods as contemplated under the law.

(51)    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

(52)    By its failure to provide PLAINTIFF with the rest periods contemplated by California

law, and failing to provide compensation for such unprovided rest periods, as alleged above, DEFENDANT willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

(53)     Because of DEFENDANTS' unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid additional pay owed for missed rest periods.

(54)     PLAINTIFF is entitled to recover the full amount of his unpaid additional pay for missed rest periods.  Pursuant to Code of Civil Procedure section 1021.5, PLAINTIFF is entitled to recover reasonable attorneys' fees and costs of suit.

(55)     Pursuant to Civil Code section 3287(a), PLAINTIFF is entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

<div align="center">

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Against All Defendants)**

</div>

(56)     PLAINTIFF realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

(57)     At all relevant times, PLAINTIFF was an employee of DEFENDANT covered by Labor Code section 226.

(58)     Pursuant to Labor Code section 226(a), PLAINTIFF was entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other information.

(59)     DEFENDANT failed to provide PLAINTIFF accurate itemized wage statements in accordance with Labor Code section 226(a).

(60)     PLAINTIFF is informed and believe and thereon allege that at all relevant times, DEFENDANT maintained and continues to maintain a policy and practice of not issuing itemized wage statements to PLAINTIFF.  DEFENDANT's practices resulted and continue to result in the

1 failure to issue itemized wage statements to PLAINTIFF.

2     (61)    DEFENDANT's failure to provide PLAINTIFF with accurate wage statements was

3 knowing and intentional. DEFENDANT had the ability to provide PLAINTIFF with accurate wage

4 statements, but intentionally failed to do so.

5     (62)    Because of DEFENDANT's unlawful conduct, PLAINTIFF has suffered injury. The

6 absence of accurate wage statements has delayed timely challenge to DEFENDANT's unlawful pay

7 practices, requires discovery and mathematical computations to determine the amount of wages

8 owed, causes difficulty and expense in attempting to reconstruct time and pay records.

9     (63)    Pursuant to Labor Code section 226(e), PLAINTIFF is entitled to recover $50 for the

10 initial pay period during the period in which violation of Labor Code section 226 occurred and $100

11 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate

12 penalty of $4,000.

13     (64)    Pursuant to Labor Code sections 226(e) and 226(g), PLAINTIFF is entitled to recover

14 the full amount of penalties due under Labor Code section 226(e), reasonable attorneys' fees and

15 costs of suit.

16 <div align="center">**SIXTH CAUSE OF ACTION**</div>

17 <div align="center">**FAILURE TO REIMBURSE ALL BUSINESS EXPENSES**</div>

18 <div align="center">**(Against All Defendants)**</div>

19     (65)    PLAINTIFF realleges and incorporates by reference all of the allegations contained

20 in the preceding paragraphs of this Complaint as though fully set forth herein.

21     (66)    Labor Code section 2802 (a) provides: An employer shall indemnify his or her

22 employee for all necessary expenditures or losses incurred by the employee in direct consequence of

23 the discharge of his or her duties, or of his or her obedience to the directions of the employer, even

24 though unlawful, unless the employee, at the time of obeying the directions, believed them to be

25 unlawful. *Id*. §2802(a).

26     (67)    Upon being hired by DEFENDANTS, PLAINTIFF position would require

27 PLAINTIFF to travel on a regular basis to various Macy's department stores throughout Southern

28 California. Furthermore, PLAINTIFF was to receive shipments on a regular basis containing various

1    promotional products of DEFENDANTS in which PLAINTIFF would store within his personal

2    residence and then distribute to the various Macy's department stores throughout Southern California

3    in which he was assigned to.

4    (68)    PLAINTIFF was solely compensated four thousand dollars ($4,000) annually

5    regardless of the actual amount of expenses PLAINTIFF incurred.

6    (69)    In turn PLAINTIFF was not compensated for all of his mileage as well as the expenses

7    incurred by PLAINTIFF for storing the promotional products shipped to PLAINTIFF.

8    <u>SEVENTH CAUSE OF ACTION</u>

9    **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200 ET SEQ**

10   **(Against All Defendants)**

11   (70)    PLAINTIFF realleges and incorporates by reference all of the allegations contained

12   in the preceding paragraphs of this Complaint as though fully set forth herein.

13   (71)    Business and Professions Code section 17200 et seq prohibits acts of unfair

14   competition, which includes any "unlawful, unfair or fraudulent business act or practice".

15   (72)    DEFENDANT are "persons" as that term is defined under Business and Professions

16   Code section 17021.

17   (73)    At all times relevant hereto, DEFENDANT violated Business and Professions Code

18   section 17200 et seq by engaging in acts of unfair competition referred to herein above.

19   (74)    As a direct and legal result of DEFENDANT' engaging in acts of unlawful, unfair, or

20   fraudulent business acts or practices, DEFENDANT have obtained valuable property, money, and

21   services from PLAINTIFF and have deprived PLAINTIFF of  valuable rights, benefits, and

22   privileges guaranteed to employees under California law, all to his detriment and to DEFENDANT'

23   benefit which has allowed DEFENDANT to unfairly compete against competitors who comply with

24   the law.

25   (75)    PLAINTIFF is entitled to recover, pursuant to Business and Professions Code section

26   17203, the money and property which DEFENDANT have acquired, or of which he has been

27   deprived, in an amount according to proof at trial.

28   <u>PRAYER FOR RELIEF</u>

-13-

WHEREFORE, PLAINTIFF ROBERTO BARANDIARAN prays for judgment against DEFENDANT as follows:

(1) For unpaid wages pursuant to Labor Code section 1194 in an amount to be ascertained and established according to proof at trial;

(2) For unpaid overtime wages pursuant to Labor Code section 1194 in an amount to be ascertained and established according to proof at trial;

(3) For premium wages pursuant to Labor Code section 226.7 in an amount to be ascertained and established according to proof at trial;

(4) For waiting time penalties pursuant to Labor Code section 203 in an amount to be ascertained and established according to proof at trial;

(5) For liquidated damages pursuant to Labor Code section 226 in an amount to be ascertained and established according to proof at trial;

(6) For restitution pursuant to Business and Professions Code section 17203 in an amount according to proof at trial;

(7) For unpaid business expenses pursuant to Labor Code section 2802;

(8) For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter;

(9) For post-judgment interest;

(10) For reasonable attorneys' fees and costs of suit pursuant to the Labor Code and/or any other basis;

(11) For penalties as required by law; and

(12) For such other relief as this Court deems just and proper.

Dated: June 23, 2020

KHARATIAN LAW, APC

By:_____
Jores Kharatian, Esq.
Attorney for Plaintiff ROBERTO BARANDIARAN

-14-

## DEMAND FOR JURY TRIAL

1.  PLAINTIFF ROBERTO BARANDIARAN demands trial by jury

Dated:  June 23, 2020

KHARATIAN LAW, APC

By:_____

Jores Kharatian, Esq.
Attorney for Plaintiff ROBERTO BARANDIARAN

-15-

PROOF OF SERVICE

I am over the age of 18 and not a party to this action. I am a resident of or employed in the county where the mailing occurred; my business address is: 595 E. Colorado Blvd., Suite 210, Pasadena, CA 91101.

On June 23, 2020 I served the foregoing document(s) described as:

**FIRST AMENDED COMPLAINT**

to the following parties:

Kristen J. Nesbit                                    Attorneys for Defendant Cygnus Home Service, LLC
Fisher & Phillips LLP
444 South Flower Street, Suite 1500
Los Angeles, CA 90071

[  ] (By U.S. Mail) I deposited such envelope in the mail at
Los Angeles, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[X] (By E-Mail) Based on a Court Order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the above-described document(s) to be sent to the person at the address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 23, 2020            _____
                                                        Donna Lopez

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 10:42 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  KRISTEN J. NESBIT, SBN 242426
E-Mail  knesbit@fisherphillips.com
2  CRISTINA MEDINA, SBN 322657
E-Mail cmedina@fisherphillips.com
3  FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendants
CYGNUS HOME SERVICE, LLC
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  ROBERTO BARANDIARAN, an
individual,
12
                        Plaintiff,
13
         v.
14
CYGNUS HOME SERVICE, LLC, a
15  MINNESOTA corporation; LISA CLINE,
AN INDIVIDUAL and DOES 1 through
16  100, inclusive,
17
                        Defendants.
18

19

20

21

22

23

24

25

26

27

28

CASE NO.:   20STCV17804
*[Unlimited Jurisdiction]*

**DEFENDANT CYGNUS HOME SERVICE,
LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

*Assigned for all purposes to the
Honorable Barbara A. Meiers, Dept. 012*

Complaint Filed:  May 11, 2020
Trial Date:         None

---

DEFENDANT CYGNUS HOME SERVICE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S UNVERIFIED COMPLAINT

FP 38149227.1

Defendant CYGNUS HOME SERVICE, LLC ("Defendant") responds to Plaintiff ROBERTO BARANDIARAN's ("Plaintiff") unverified Complaint (hereinafter referred to as "Complaint") as follows:

## ANSWER

Pursuant to California *Code of Civil Procedure* section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Amended Complaint.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief or that Plaintiff has suffered, or will suffer, any loss or damage in the amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant or any of its respective past or present agents, representatives and/or employees. Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: Code of Civil Procedure sections 335.1, 338 and 340, subdivision (a), California Business and Professions Code section 17208, and California Government Code sections 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is estopped by his conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

4.      By his conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff was paid all wages due to him on a timely basis.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's claims for waiting time penalties pursuant to California Labor Code § 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was fully compensated by Defendant as required by law and was not owed any wages or other renumeration at the time of his separation from employment.

## TENTH AFFIRMATIVE DEFENSE

10.     Any recovery on Plaintiff's Complaint or any cause of action therein is barred on the ground that to the extent he did work any overtime, which Defendant denies because Plaintiff was exempt, such work was unauthorized by Defendant and performed without Defendant's knowledge.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's

2

constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claim for alleged violation of Labor Code section 226 is barred because Defendant at all times acted with the good faith belief that Defendant was in compliance with the requirements of the Labor Code, including section 226, and therefore Defendants did not knowingly and intentionally fail to comply with Labor Code section 226 or any statute or regulation of similar effect.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claim predicated on an alleged violation of Labor Code section 226 is barred because Plaintiff was not injured by Defendant's alleged failure to comply with *Labor Code* section 226(a), or any statute of similar effect.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claim that he was unlawfully denied his meal and/or rest periods is barred to the extent he is exempt or voluntarily relinquished or waived his known right to enjoy such meal and/or rest periods or, alternatively, there existed exigent circumstances which prohibited a meal and/or rest period from being taken.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims that he is owed unpaid wages, penalties, and/or other compensation based on an alleged failure to pay for all hours worked lacks merit to the extent that off-the-clock work performed by Plaintiff was not authorized, suffered, or permitted by Defendant and/or was performed without the knowledge and/or control of Defendant, within the meaning of Section 2(G) of the applicable Wage Order, and/or as set forth by applicable law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant is informed and believes, and based on that information and belief alleges, that any finding of liability pursuant to California *Business & Professions Code* § 17200, et seq., would violate Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague

3

1    and subjective.

2                    **NINETEENTH AFFIRMATIVE DEFENSE**

3            19.    The Complaint, and each and every cause of action therein, fails to the extent that

4    even if Plaintiff was not paid for all work performed, such work is not compensable and any

5    alleged underpayment of wages to Plaintiff was *de minimis*.

6                    **TWENTIETH AFFIRMATIVE DEFENSE**

7            20.    Plaintiff's wage claims are barred by the doctrine of accord and satisfaction

8    because Plaintiff was properly and fully compensated for all work performed for Defendant, and

9    acceptance of these payments constituted an accord and satisfaction for all debts, if any, allegedly

10   owed by Defendant.

11                   **RESERVATION OF RIGHTS**

12           Defendant currently has insufficient information available upon which to form a belief as

13   to whether it has additional, as yet unstated, affirmative defenses are available.   Defendant

14   reserves the right to assert additional affirmative defenses in the event discovery indicates it

15   would be appropriate.

16           **WHEREFORE**, this answering Defendant prays as follows:

17           1.   That Plaintiff take nothing by his Complaint for damages;

18           2.   That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

19           3.   That Defendant recover its costs of suit herein, including its reasonable attorneys'

20               fees; and

21           4.   That the court award such other and further relief as it deems appropriate.

22

23   DATE:  July 22, 2020                      FISHER & PHILLIPS LLP

24

25                                    By: _____
                                          KRISTEN J. NESBIT
26                                        CRISTINA MEDINA
                                          Attorneys for Defendant
27                                        CYGNUS HOME SERVICE, LLC

28

                                      4
─────────────────────────────────────────────────────
DEFENDANT CYGNUS HOMES SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
                PLAINTIFF'S UNVERIFIED COMPLAINT
FP 38149227.1

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 22, 2020, I served the foregoing document entitled **DEFENDANT CYGNUS HOME SERVICE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT**  on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Jores Kharatian, Esq.                          *Attorneys for Plaintiff*
KHARATIAN LAW, APC                   ROBERTO BARANDIARAN
595 E. Colorado Blvd., Suite 210
Pasadena, CA 91101                           T:  (626) 759-9900  F:  (888) 636-5090
                                                          Jores@kharatianlaw.com

☒     **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐     **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s).  The machine printed a record of the transmission, and no error was reported by the machine.

☐     **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐     **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐     **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 22, 2020, at Los Angeles, California.

Katherine Wagner                         By:  *Katherine Wagner*
_____                    _____
Print Name                                              Signature

PROOF OF SERVICE

FP 38149227.1

# EXHIBIT D

1   KRISTEN J. NESBIT, SBN 242426
    E-Mail  knesbit@fisherphillips.com
2   CRISTINA MEDINA, SBN 322657
    E-Mail cmedina@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone: (213) 330-4500
5   Facsimile: (213) 330-4501

6   Attorneys for Defendants
    CYGNUS HOME SERVICE, LLC
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  ROBERTO BARANDIARAN, an          CASE NO.:   20STCV17804
    individual,                      *[Unlimited Jurisdiction]*
12
                 Plaintiff,
13                                   **DEFENDANT CYGNUS HOME SERVICE,**
         v.                          **LLC'S NOTICE TO ADVERSE PARTY OF**
14                                   **REMOVAL OF ACTION TO FEDERAL**
    CYGNUS HOME SERVICE, LLC, a      **COURT**
15  MINNESOTA corporation; LISA CLINE, an
    individual and DOES 1 through 100,
16  inclusive,                       *Assigned for all purposes to the*
                                     *Honorable Barbara A. Meiers, Dept. 012*
17               Defendants.

18                                   Complaint Filed: May 11, 2020
                                     Trial Date:      None
19

20

21

22

23

24

25

26

27

28

1    **TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** on July 23, 2020 Defendant CYGNUS HOME

3    SERVICE, LLC filed a Petition and Notice of Removal of this action from Superior Court of

4    California, County of Los Angeles, to the United States District Court for the Central District of

5    California. A true and correct copy of the Notice is attached hereto as **Exhibit A** (without re-

6    attaching this document as part of the exhibit).

7

8    DATE:  July 23, 2020                     FISHER & PHILLIPS LLP

9

10                                    By: _____

11                                         KRISTEN J. NESBIT
                                           CRISTINA MEDINA
12                                         Attorneys for Defendant
                                           CYGNUS HOME SERVICE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 23, 2020, I served the foregoing document entitled **DEFENDANT CYGNUS HOME SERVICE, LLC'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**  on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jores Kharatian, Esq. | *Attorneys for Plaintiff* |
| KHARATIAN LAW, APC | ROBERTO BARANDIARAN |
| 595 E. Colorado Blvd., Suite 210 | |
| Pasadena, CA 91101 | T:  (626) 759-9900  F:  (888) 636-5090 |
| | Jores@kharatianlaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 23, 2020, at Los Angeles, California.

| | |
|---|---|
| Katherine Wagner | By:  *Katherine Wagner* |
| Print Name | Signature |

FP 38214352.1

# EXHIBIT E

Case 2:20-cv-06577-AB-PD   Document 1   Filed 07/23/20   Page 65 of 81   Page ID #:65

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
```

*Gross Pay*

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| 00482691  Barandiaran, Roberto A | | | |
| Day Pay | 10/02/2014 | 0.00 | 238.46 |
| | | 0.00 | 238.46 |
| Salary | 10/16/2014 | 0.00 | 2,384.62 |
| | | 0.00 | 2,384.62 |
| EE GTLI Taxable | 10/30/2014 | 0.00 | 1.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,386.60 |
| EE GTLI Taxable | 11/13/2014 | 0.00 | 1.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,386.60 |
| EE GTLI Taxable | 11/26/2014 | 0.00 | 1.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,386.60 |
| EE GTLI Taxable | 12/11/2014 | 0.00 | 1.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,386.60 |
| EE GTLI Taxable | 12/24/2014 | 0.00 | 1.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,386.60 |
| EE GTLI Taxable | 01/08/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 01/22/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 02/05/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 02/19/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 03/05/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |

Case 2:20-cv-06577-AB-PD   Document 1   Filed 07/23/20   Page 66 of 81   Page ID #:66

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
```

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| | | 0.00 | 2,387.60 |
| Sales Incentive Annual | 03/13/2015 | 0.00 | 4,075.26 |
| | | 0.00 | 4,075.26 |
| EE GTLI Taxable | 03/19/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 04/02/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 04/16/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 04/30/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 05/14/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 05/28/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 06/11/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 06/25/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 07/09/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 07/23/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE GTLI Taxable | 08/06/2015 | 0.00 | 2.98 |

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
Description                    Check Date       Hours       Amount
```

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 08/20/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 09/03/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 09/17/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 10/01/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 10/15/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 10/29/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 11/12/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 11/25/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 12/10/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 12/24/2015 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |
| EE_GTLI Taxable | 01/07/2016 | 0.00 | 2.98 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,387.60 |

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
```

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| EE GTLI Taxable | 01/21/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 02/04/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 02/18/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 03/03/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| Sales Incentive Annual | 03/11/2016 | 0.00 | 14,818.00 |
| | | 0.00 | 14,818.00 |
| EE GTLI Taxable | 03/17/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 03/31/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 04/14/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 04/28/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 05/12/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 05/26/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 06/09/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
Description                    Check Date       Hours        Amount
```

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| EE GTLI Taxable | 06/23/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 07/07/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 07/21/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 08/04/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 08/18/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 09/01/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 09/15/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 09/29/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 10/13/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 10/27/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 11/10/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 11/23/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |

Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 12/08/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 12/22/2016 | 0.00 | 3.40 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,388.02 |
| EE GTLI Taxable | 01/05/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,385.45 |
| EE GTLI Taxable | 01/19/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,385.45 |
| EE GTLI Taxable | 02/02/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,385.45 |
| EE GTLI Taxable | 02/16/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,385.45 |
| EE GTLI Taxable | 03/02/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,384.62 |
| | | 0.00 | 2,385.45 |
| Sales Incentive Annual | 03/03/2017 | 0.00 | 12,573.60 |
| | | 0.00 | 12,573.60 |
| EE GTLI Taxable | 03/16/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |
| | | 0.00 | 2,500.83 |
| EE GTLI Taxable | 03/30/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |
| | | 0.00 | 2,500.83 |
| EE GTLI Taxable | 04/13/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |
| | | 0.00 | 2,500.83 |
| EE GTLI Taxable | 04/27/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
Description                    Check Date       Hours         Amount
```

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| | | 0.00 | 2,500.83 |
| EE GTLI Taxable | 05/11/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |
| | | 0.00 | 2,500.83 |
| EE GTLI Taxable | 05/25/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |
| | | 0.00 | 2,500.83 |
| EE GTLI Taxable | 06/08/2017 | 0.00 | 0.83 |
| Salary | | 0.00 | 2,500.00 |
| | | 0.00 | 2,500.83 |
| Salary | 06/22/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 07/06/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 07/20/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 08/03/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 08/17/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 08/31/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 09/14/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 09/28/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |

| Period   : 01/01/1800   to 12/31/9999 |
| Pay Date: 01/01/2014   to 08/01/2019 |
| Emp Nmbr  Employee Name |

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| Salary | 10/12/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 10/26/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 11/09/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 11/22/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 12/07/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 12/21/2017 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 01/04/2018 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 0.83 |
| | | 0.00 | 2,500.83 |
| Salary | 01/18/2018 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,501.04 |
| Salary | 02/01/2018 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,501.04 |
| Salary | 02/15/2018 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,501.04 |
| Salary | 03/01/2018 | 0.00 | 2,500.00 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,501.04 |
| Salary | 03/15/2018 | 0.00 | 2,519.23 |
| EE GTLI Taxable | | 0.00 | 1.04 |

Period  : 01/01/1800    to 12/31/9999
Pay Date: 01/01/2014    to 08/01/2019
Emp Nmbr  Employee Name

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| | | 0.00 | 2,520.27 |
| Salary | 03/29/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 04/12/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 04/26/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 05/10/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 05/24/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 06/07/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 06/21/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 07/05/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 07/19/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 08/02/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 08/16/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 08/30/2018 | 0.00 | 2,538.46 |

```
Period  : 01/01/1800   to 12/31/9999
Pay Date: 01/01/2014   to 08/01/2019
Emp Nmbr  Employee Name
Description                    Check Date      Hours        Amount
```

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 09/13/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 09/27/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 10/11/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 10/25/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 11/08/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 11/21/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 12/06/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 12/20/2018 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 01/03/2019 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.04 |
| | | 0.00 | 2,539.50 |
| Salary | 01/17/2019 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,539.57 |
| Salary | 01/31/2019 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,539.57 |

Period  : 01/01/1800    to 12/31/9999
Pay Date: 01/01/2014    to 08/01/2019
Emp Nmbr   Employee Name

| Description | Check Date | Hours | Amount |
|---|---|---|---|
| Salary | 02/14/2019 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,539.57 |
| Salary | 02/28/2019 | 0.00 | 2,538.46 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,539.57 |
| Salary | 03/14/2019 | 0.00 | 2,561.54 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,562.65 |
| Salary | 03/28/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 04/11/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 04/25/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 05/09/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 05/23/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 06/06/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 06/20/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 07/03/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| | | 0.00 | 2,585.73 |
| Salary | 07/18/2019 | 0.00 | 2,584.62 |
| EE GTLI Taxable | | 0.00 | 1.11 |

| Period  : 01/01/1800    to 12/31/9999 | | | |
| Pay Date: 01/01/2014    to 08/01/2019 | | | |
| Emp Nmbr   Employee Name | | | |
| Description | Check Date | Hours | Amount |
| --- | --- | --- | --- |
| | | 0.00 | 2,585.73 |
| Salary | 08/01/2019 | 0.00 | 516.92 |
| EE GTLI Taxable | | 0.00 | 1.11 |
| Vacation Payout | | 0.00 | 4,279.89 |
| | | 0.00 | 4,797.92 |

# EXHIBIT F

KRISTEN J. NESBIT, SBN 242426
E-Mail  knesbit@fisherphillips.com
CRISTINA MEDINA, SBN 322657
E-Mail cmedina@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
CYGNUS HOME SERVICE, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| ROBERTO BARANDIARAN, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>CYGNUS HOME SERVICE, LLC, a MINNESOTA corporation; LISA CLINE, an individual and DOES 1 through 100, inclusive,<br><br>                    Defendants. | CASE NO.:   20STCV17804<br>*[Unlimited Jurisdiction]*<br><br>**DEFENDANT CYGNUS HOME SERVICE, LLC'S NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>*Assigned for all purposes to the*<br>*Honorable Barbara A. Meiers, Dept. 012*<br><br>Complaint Filed: May 11, 2020<br>Trial Date:      None |

1       **TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS**

2 **ANGELES:**

3       **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. section 1446(d), on July 23,

4 2020, Defendant CYGNUS HOME SERVICE, LLC filed a Notice of Removal of Action and

5 related documents with the United States District Court for the Central District of California.

6 Attached hereto as **Exhibit A** is a correct copy of the Notice of Removal of Civil Action to the

7 United States District Court and related documents.

8       Pursuant to 28 U.S.C. § 1446(d), this Court need take no further action with respect to

9 this case unless and until the case is remanded.

10

11 DATE:  July 23, 2020              FISHER & PHILLIPS LLP

12

13                    By: _____

14                        KRISTEN J. NESBIT
                       CRISTINA MEDINA

15                        Attorneys for Defendant
                       CYGNUS HOME SERVICE

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 23, 2020, I served the foregoing document entitled **DEFENDANT CYGNUS HOME SERVICE, LLC'S NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Jores Kharatian, Esq.                         *Attorneys for Plaintiff*
KHARATIAN LAW, APC                   ROBERTO BARANDIARAN
595 E. Colorado Blvd., Suite 210
Pasadena, CA 91101                           T:  (626) 759-9900  F:  (888) 636-5090
                                                        Jores@kharatianlaw.com

☒      **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐      **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐      **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐      **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 23, 2020, at Los Angeles, California.

Katherine Wagner                              By:   *Katherine Wagner*
_____                          _____
Print Name                                              Signature

PROOF OF SERVICE

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 23, 2020 I served the foregoing document entitled **DEFENDANT CYGNUS HOME SERVICE, LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jores Kharatian, Esq. | *Attorneys for Plaintiff* |
| KHARATIAN LAW, APC | ROBERTO BARANDIARAN |
| 595 E. Colorado Blvd., Suite 210 | |
| Pasadena, CA 91101 | T: (626) 759-9900 |
| | F: (888) 636-5090 |
| | Jores@kharatianlaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 23, 2020 at Los Angeles, California.

| | |
|---|---|
| Katherine Wagner | By: */s/Katherine Wagner* |
| Print Name | Signature |